HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ROBERT DRURY,<br><br>                Plaintiff,<br><br>   v.<br><br>THE SIEGEL GROUP NV, et al.,<br><br>                Defendants. | CASE NO. C15-5731 RBL<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>[DKT. #1] |

THIS MATTER is before the Court on Plaintiff Drury's motion for leave to proceed *in forma pauperis*. Drury claims that the defendants overcharged him a 12% Nevada "Transient Lodging Tax" during his 370[1] night stay at their Las Vegas Hotel, Siegel Slots and Suites. He claims to now be a Washington Resident. He claims that this court has diversity jurisdiction over the case because the defendants are all citizens of Nevada, and because he claims the amount in controversy is more than $75,000. See 28 U.S.C. §1332. He also claims that the court has "federal question" jurisdiction because he sues under the Federal Trade Commission Act [15

---

[1] This number is derived from the Plaintiff's filings. He concedes the first 30 days were properly subject to the tax, and the Hotel "comped" three additional nights. Drury claims he was over- or wrongly charged the tax on 337 nights.

U.S.C. §45(a)]  The remainder of his claims arise under the laws of Nevada and the Clark County Code.  Drury seeks $3,180,000.00[2] in compensatory and punitive damages.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[2] The basis for this claim is not clear, but it is exactly 20,000 times the $159 weekly rental Drury claims to have paid.

1     This is a standard that Drury does not and cannot meet in this case, and his application is
2 DENIED.
3     First, and fatally, this court does not have subject matter jurisdiction over the case. While
4 it appears that the parties are citizens of different states, Plaintiff cannot demonstrate that the
5 amount in controversy is more than $75,000 simply by claiming more than $3 million in
6 damages. The core of Drury's claim is that he was overcharged $2.73 per day for 337 days, for a
7 total principal damage amount of $920.01:

```
TOTAL DAYS:                                    340
3 days COMP                                     -3

GRAND TOTAL DAYS:                              337

337 x 2.73                                  920.01
```

*See* Plaintiff's exhibit P-3, Dkt. #1-3 at 3. He cannot parlay this into a $75,000 amount in controversy as a matter of law.

    Nor can Drury claim that this Court has subject matter jurisdiction by asserting a claim under 15 U.S.C. §45(a). There is no private right of action under the Federal Trade Commission Act. *See*, for example, *Dreisbach v. Murphy*, 658 F.2d 720 (9th Cir. 1981).

    Even if the Court had jurisdiction over the subject matter, Drury has not demonstrated that this court has personal jurisdiction over any of the defendants—entities and persons he admits reside and do business in Las Vegas, Nevada. All of the acts complained of occurred in

Nevada. There has been no showing that any of these defendants have any minimal contacts with the State of Washington.

To establish jurisdiction, plaintiffs must show that Washington's jurisdictional statute confers jurisdiction over defendants and that the exercise of jurisdiction accords with principles of due process. *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir. 1990). Washington's long-arm statute has been interpreted to be co-extensive with the limits of federal due process. *Id*.

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *International Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945). By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The defendants' various roles in overcharging Mr. Drury a local room tax in Nevada does not, as a matter of law, meet this standard.

The next flaw in Drury's proposed complaint is that venue is not proper in this District. While he claims to live here, the defendants facially do not, and according to Drury, all of the conduct giving rise to the claims occurred in Nevada.

Under 28 U.S.C. § 1391, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

1     (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated; or

3     (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Venue is not proper here because none of the defendants live in this state or District, all of the events took place in Nevada, and this Court does not have personal jurisdiction over the Defendants.  Venue is not proper in this District.

        For all of these reasons, Drury's application to proceed in forma pauperis is DENIED. He must pay the filing fee within **21 days** or the matter will be **dismissed without prejudice**. **Even if he does pay the filing fee, the matter is subject to dismissal on the Court's own Motion for all of the reasons outlined in this case.**  If there is a proper forum for the resolution of Drury's claim, it is in Nevada.

        IT IS SO ORDERED.

        Dated this 16th day of October, 2015.

                                                      Ronald B. Leighton
                                                    United States District Judge